

FILED
IN OPEN COURT

SEP 20 2022

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GEORGE PICKARD,<br><br>Defendant. | Case No. 2:22-cr-87 |

### STATEMENT OF FACTS

The United States and the defendant, GEORGE PICKARD (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. In or about November 2019, the FBI received a tip about concerning Facebook posts from a user, later identified as the defendant, about using violence against minority groups. Further investigation revealed additional threatening posts on social media platforms concerning Jewish and minority groups.

2. In February 2020, a confidential informant (the CI) attended a camping event in Virginia with the defendant and other members of a militia group. The defendant brought to the event an AR-15 style rifle to which he had affixed a homemade, unregistered suppressor created using an oil can and a threaded adaptor device. During the event, he discussed purchasing the threaded adaptor device on the internet retailer eBay and stated, in sum and substance, that "free men don't need tax stamps." The "tax stamp" statement was a reference to the taxes associated with completing an ATF Form 1, the application form for lawfully making and registering a firearm suppressor (also referred to as a silencer). The creation, possession, and transfer of suppressors and certain other devices are regulated by the National Firearms Act, which requires,



1

among other things, that such items be registered in the National Firearms Registration and Transfer Record. The defendant was photographed and videotaped holding and shooting the firearm with the attached suppressor.

3. After the camping trip, the defendant and CI exchanged text messages in which the defendant described the modifications he had made to his AR-15 style rifle and told the CI about which specific barrel adapters the CI could purchase to create his/her own homemade suppressor. In the text conversation, the defendant discussed also having a "solvent trap" device and acknowledged that homemade suppressors were "not legally usable as a silencer without a form 1." The defendant also told the CI not to take a suppressor device "to the range or show it off."

4. Records obtained from eBay confirmed that the defendant previously had purchased threaded oil filter adaptor devices from the website.

5. On or about December 29, 2020, FBI agents executed a lawfully obtained search warrant at a residence on Heron Point Circle in Virginia Beach, Virginia, at which the defendant lived with his parents when he was not traveling for his job as a merchant seaman.

6. During the search, agents recovered, among other items, an AR-15 style rifle, a Smith & Wesson M&P 9mm handgun, two cylindrical devices without serial markings that appeared to be firearm suppressors, an oil can similar to that shown in the photographs of the defendant shooting a firearm with a homemade suppressor, and threading devices. The search also recovered a quantity of suspected LSD (lysergic acid diethylamide) among the defendant's possessions.

7. A technical examination by the Firearms Technology Criminal Branch of the Bureau of Alcohol, Tobacco, Firearms and Explosives confirmed that the two cylindrical devices



recovered from the defendant's bedroom qualified as "firearm silencers" under 18 U.S.C. § 921(a)(24). The report did not classify the unattached oil can as a separate suppressor.

8. A search of the National Firearms Registration and Transfer Record confirmed that the defendant had no silencers registered to him.

9. A photograph recovered from the defendant's phone showed him with a handgun to which one of the suppressors had been affixed.

10. A laboratory examination confirmed that the suspected LSD was in fact LSD, a Schedule I controlled substance.

11. During a voluntary interview with agents at the residence, the defendant acknowledged attending the camping event in February 2020 and shooting a rifle with a homemade suppressor attached to it. The defendant also claimed that he had already sent in an ATF Form 1, in November 2020.

12. During the same interview, the defendant stated that he had paid a family member to purchase the Smith & Wesson M&P 9mm handgun for him. The ATF Form 4473 associated with the purchase confirmed that the family member bought the handgun on July 8, 2020, and had certified on the form that the family member, not the defendant, was the actual transferee/buyer of the firearm. At the time, the defendant was less than 21 years old and so was unable legally to purchase the handgun for himself.

13. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.



14. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: September 20, 2022   By: _____
Melissa E. O'Boyle
William B. Jackson
Assistant United States Attorneys

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, GEORGE PICKARD, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
GEORGE PICKARD

I am Eric Leckie, defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Eric Leckie, Esq.
Attorney for GEORGE PICKARD

5