UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:22CR87 |
| | ) | |
| GEORGE PICKARD, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS**

The Defendant, George Pickard ("Mr. Pickard"), by counsel, in accordance with Section 6A1.2 of the Sentencing Guidelines and Policy Statements, as well as this Court's Sentencing Order, hereby represents that he has reviewed the Probation Officer's Presentence Report (PSR). He has no outstanding objections to the report and hereby states his position with respect to the sentencing factors.

I. THE SENTENCE REQUESTED

Mr. Pickard is before this Court for sentencing after pleading guilty, pursuant to a plea agreement, on September 20, 2022, to possession of unregistered firearms, in violation of 26 U.S.C. §§ 5841, 5845, 5861(d), and 5871 and 18 U.S.C. § 921(a)(24). The Defendant has no objection to the content of the Presentence Investigation Report (PSR). Sentencing is set for January 26, 2023. The PSR correctly states the guideline range of 46 to 57 months of imprisonment. Based upon the nature of the offense, and the Defendant's characteristics, the Defendant submits that a downward variance is justified under the circumstances. Therefore, the Defendant respectfully requests that the court impose a sentence of no more than 24 months.

1

## II. THE APPROPRIATE SENTENCE IN THIS CASE

The basic mandate of § 3553(a) provides that, when considering an appropriate sentence in a given case, the Court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in Section 3553(a). This is a requirement that is different than the other factors provided by Section 3553(a), because "sufficient, but not greater than necessary" sets an independent limit on the sentence.

With this independent limit in mind, Congress has required federal courts to impose the least amount of confinement necessary to accomplish the intended sentence. In this respect, the Court must "tak[e] into account the real conduct and circumstances involved in sentencing" as well as the defendant's personal history and characteristics. *Gall v. United States,* 552 U.S. 38, 54 (2007); 18 U.S.C. § 3553(a)(1). Furthermore, the Court must also "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment ensue." *Id.* at 52.

## III. NATURE AND CIRCUMSTANCES OF THE OFFENSE

Mr. Pickard's role in the offense is well documented in paragraph's 5-8 of the Presentence Report. Mr. Pickard's cooperation with law enforcement was consistent from December 29, 2020, when the FBI conducted their initial search of Mr. Pickard's address, until the time of his arrest in Florida on July 8, 2022. Mr. Pickard freely participated in a voluntary interview with law enforcement at his home when the FBI conducted their search and was very honest and forthcoming to all of the questions he was asked. He admitted his attendance at a camping event and was honest from the beginning about where he obtained the firearms in his possession. Furthermore, Mr. Pickard agreed to a second lengthy interview on February 4, 2021, at the Chesapeake FBI Office with dozens of agents from multiple agencies. This interview was attended by several Assistant United States Attorneys and Mr. Pickard was thoroughly questioned. This is in addition to the interview's that were conducted on January 25, 2021, and March 1,

2021. Mr. Pickard cooperated in every way and was directed by the Assistant United States Attorney on February 4, 2021, to remain free of misconduct and that he would be expected to cooperate with law enforcement should any additional information be required in the future. Mr. Pickard obliged and was released from the interview without charges. There were no promises made at the time of the February 4, 2021, interview. However, it is significant to note that Mr. Pickard's firearms had been confiscated and he was not in possession of any weapons after the initial search warrant was executed in December of 2020. Additionally, Mr. Pickard was permitted to return to work and travel freely as a Merchant Mariner for the next 15 months. There were no additional allegations of misconduct following the December 2020 search of his home. He continued to maintain contact with law enforcement and was interviewed multiple times during the following year. All interviews were voluntary and outside the knowledge and presence of Mr. Pickard's counsel. Despite Mr. Pickard's continued cooperation and uniform good behavior, he was not arrested until 19 months had passed. His cooperation continued after he was arrested. He did not contest his custodial status and demand a detention hearing. He has remained in custody and accepted full responsibility for his offense when he pleaded guilty on September 20, 2022.

IV. **DEFENDANT'S HISTORY AND CHARACTERISTICS**

Mr. Pickard's history and characteristic's do not support a guidelines sentence and a downward variance is appropriate. First and foremost, Mr. Pickard has no prior criminal history and does not have a reputation for violence or aggressive behavior. Mr. Pickard is 23 years old and was only 21 years old at the time his home was searched. He was raised in a good home by parents who cared for him and ensured he was well provided for. He is the youngest of 4 children. Mr. Pickard was identified as gifted very early in his childhood and had completed most of his high school requirements before he finished middle school. He was permitted to enroll at Tidewater Community College when he was 16 years old and entered Texas A&M University before he turned 17. He graduated and was commissioned a merchant marine officer when he was 19 years old. Mr. Pickard believes that he was the youngest commissioned officer in merchant marine history.

The social adjustments that are required to navigate college away from home at such a young age are obvious and profound. Mr. Pickard has always been the youngest and most impressionable member of his peer group while in college and in the work force.

Mr. Pickard has been diagnosed with multiple mental health disorders and they are well documented. He has struggled socially due to his exceptional intelligence and his diagnosed Asperger Syndrome which combine to make social interactions challenging at times. Mr. Pickard has freely admitted to attempting to self-medicate with illicit drugs. He also indicated that any drug use was limited in scope and duration. Mr. Pickard has no history of substance abuse. He has been extremely honest and forthcoming throughout this process. Since his initial interaction with law enforcement in December of 2020, Mr. Pickard has demonstrated a systemic deradicalization of his previous views. There have been no additional suggestions of any misconduct or radical associations over the past 19 months. He has categorically disassociated with all questionable groups that would cause concern. Mr. Pickard has expressed deep remorse and regret for his conduct.

V.       **SENTENCING ARGUMENT**

The Government's recommended sentence within the guideline range is greater than necessary to achieve the goals of sentencing. The enormous prejudice and stigma that accompanies a conviction for this offense will last a life-time. Mr. Pickard will forever be a federal felon. This label alone carries seriously negative consequences in nearly every aspect of one's life. Due to this offense, Mr. Pickard is facing a prison sentence and separation from his family. He will be subject to a lengthy period of supervised release. There will be significant restrictions on his liberty. Under the standard conditions of supervised release, his ability to travel freely will be greatly limited. The impact of being a federal felon will amount to lengthy and severe punishment. Due to the severity of these life-long consequences, his demonstrated acceptance, cooperation, and remorse, it is highly improbable that Mr. Pickard will commit

any new offenses in the future. In terms of general deterrence, there is no statistical evidence that supports the argument that a lengthy sentence is a meaningful way to provide adequate deterrence.

Additionally, the government's suggestion that Mr. Pickard represents a threat to the community is simply not credible. Mr. Pickard was stripped of his firearms and made no attempt to replace them or obtain other weapons after December 2020. He was watched closely and interviewed randomly by law enforcement over the following 19 months from the time he was initially searched and there was no sense of urgency during that entire year and a half to arrest Mr. Pickard. He has pleaded guilty and accepts responsibility for his actions. However, any argument that Mr. Pickard should be punished more harshly because of the alleged danger he represents is not supported by the government's arrest timeline.

## **CONCLUSION**

Given the fact that Mr. Pickard admitted involvement in the offense, cooperated fully with law enforcement and expressed remorse for his criminal actions, a sentence below the recommended guideline range would be appropriate. Mr. Pickard's singular focus after sentencing is to continue to be a productive member of society and remain a law-abiding citizen. Therefore, a 24 month sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of 18 U.S.C. § 3553(a).

WHEREFORE, Defendant requests the Court to depart from the Federal Sentencing guideline and sentence Defendant to no more than 24 months.

Respectfully submitted this the 12th day of January, 2023.

/s/
Eric Leckie
INVICTUS LAW
1240 Perimeter Parkway, Suite 404
Virginia Beach, VA 23454
Office  (757) 337-2727
Fax     (757) 474-1671
ericleckie@leckielaw.com
VA Bar No. 86847

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 12th day of January, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

William B. Jackson
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Phone: (757) 441-6331
William.jackson3@usdoj.gov

      I further certify that on the 12th day of January, 2023, I emailed a copy of the foregoing to the following:

Joshua A. Coleman
Senior United States Probation Officer
600 Granby Street, Suite 200
Norfolk, Virginia 23510
Phone: (757) 222-7300

                                                   /s/
                                Eric Leckie
                                INVICTUS LAW
                                1240 Perimeter Parkway, Suite 404
                                Virginia Beach, VA 23454
                                Office  (757) 337-2727
                                Fax     (757) 474-1671
                                ericleckie@leckielaw.com
                                VA Bar No. 86847